Filed 2/7/24  P. v. Lona CA2/2
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HENRY LONA,<br><br>    Defendant and Defendant. | B331258<br><br>(Los Angeles County<br>Super. Ct. No. BA357891) |

THE COURT:

Defendant and appellant Henry Lona appeals from the denial of his petition for vacatur of his conviction of attempted murder and for resentencing under Penal Code section 1172.6.[1]  Appointed counsel found no arguable issues and filed a brief requesting we exercise our discretion to conduct an independent review of the record or in the alternative, a review as set forth in *People v. Delgadillo* (2022) 14

---

[1]    Defendant's petition was filed as a petition under section 1170.95 but heard and decided after the effective date of the statute's renumbering as section 1172.6.  (See Stats. 2022, ch. 58, § 10.)

    All further unattributed code sections are to the Penal Code unless otherwise stated.

Cal.5th 216 (*Delgadillo*). Following the standard articulated in *Delgadillo*, we consider defendant's supplemental brief and conduct a limited review of the record. (See *id*., at pp. 230–232.) Finding no merit to defendant's appeal, we affirm the judgment.

## BACKGROUND

In 2013, defendant was convicted of both willful, deliberate and premeditated attempted murder, and shooting at an occupied motor vehicle. The jury found true personal firearm use and criminal street gang allegations. The trial court sentenced defendant to a term of 40 years to life in prison. The judgment was affirmed on direct appeal. (*People v. Lona* (Oct. 6, 2014, B246123) [nonpub. opn.].)

After defendant's conviction, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.), which amended sections 188 and 189, the laws pertaining to felony murder and murder under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The Legislature passed former section 1170.95, now section 1172.6, which provides a procedure to petition for retroactive relief for those who could not now be convicted under sections 188 and 189 as amended effective January 1, 2019. (See *People v. Lewis* (2021) 11 Cal.5th 952, 957.) That procedure has been extended to those convicted of attempted murder under the natural and probable consequences doctrine. (§ 1172.6, subd. (a); see Stats. 2021, ch. 551, § 2.)

In 2022, defendant filed his petition for vacatur of his attempted murder conviction and for resentencing. As relevant here, the petition alleged defendant had been convicted of attempted murder under the natural and probable consequences doctrine, and that he could not presently be convicted of attempted murder due to changes made to

sections 188 and 189, effective January 1, 2019.  He also requested the appointment of counsel.

The trial court appointed counsel, ordered briefing, and scheduled a hearing to determine whether defendant had made a prima facie case for relief under section 1172.6.  The prosecutor opposed the petition on the ground that defendant was ineligible for relief as a matter of law because no jury instructions regarding the natural and probable consequences doctrine, aiding and abetting, or the imputation of malice were given at defendant's trial.  Attached to the written opposition was a copy of all jury instructions given at trial.

Defense counsel did not deny, in either his written reply or at oral argument, that no instructions regarding the natural and probable consequences doctrine, aiding and abetting, or the imputation of malice were given at trial.  Instead, counsel argued the trial court should find defendant had met this burden of showing a prima facia case of eligibility based upon the allegations of the petition, as the bar for a prima facie showing is " 'intentionally and correctly set very low.' " Counsel also argued there was a question of the unanimity of the jury because one of the jurors later submitted a declaration stating she was pressured into changing her vote for not guilty to guilty.  A copy of the juror's declaration was attached as an exhibit to the reply.

On May 25, 2023, the trial court heard argument of counsel, denied the petition and issued a memorandum of decision denying defendant relief.

Defendant filed a timely notice of appeal from the court's order.

## DISCUSSION

Where, as here, appointed defense counsel finds no arguable issues in an appeal that is not from the first appeal after conviction, we are not required to conduct an independent review of the record.  (See *Delgadillo, supra,* 14 Cal.5th at p. 226.)  However, even if we do not independently review the record to identify unraised issues in such a

3

case, we give the defendant the opportunity to file his or her own supplemental brief or letter and we then evaluate any specific arguments raised. (See *id.*, at p. 232.) Here, counsel provided defendant with a copy of the record on appeal and informed him of his right to file his own supplemental brief. We notified defendant of counsel's brief, gave him 30 days to file his own letter or brief stating any grounds for an appeal, contentions, or arguments that he wished to be considered, and advised him that if no supplemental brief or letter is timely filed the court may dismiss the appeal as abandoned. Defendant here has filed a supplemental brief within the time allowed. We hereby consider his contentions and arguments.

Defendant has renewed his counsel's claim below that the juror's declaration requires a finding that defendant met his burden of making a prima facie showing of eligibility. Defendant argues his trial attorney was ineffective by failing to bring a motion for new trial based upon juror misconduct and that insufficient evidence supported his conviction. He also argues his former appellate counsel failed to raise the issue of juror misconduct during the original appeal from the 2013 judgment. These contentions are not grounds for relief under section 1172.6 as the statute does not give a petitioner the opportunity to resurrect alleged trial errors or have a second appeal. (*People v. Flores* (2023) 96 Cal.App.5th 1164, 1173–1174, citing *People v. Burns* (2023) 95 Cal.App.5th 862, 865; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)

"Section [1172.6] applies by its terms only to attempted murders based on the natural and probable consequences doctrine. (§ [1172.6], subd. (a) ['A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition'].)" (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.) We have reviewed the jury instructions given in defendant's 2013 trial and have found the record establishes that no instructions were given regarding the natural and probable consequences doctrine or imputed malice; nor was

4

there an instruction regarding aiding and abetting.  Defendant is thus ineligible for relief as a matter of law.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 52–53, 55–56.)  The record of conviction contains facts refuting the allegations of the petition as a matter of law such that no prima facie showing can be made.  The petition was properly denied. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.)

## DISPOSITION

The order denying the section 1172.6 petition is affirmed.
NOT TO BE PUBLISHED.

_____

ASHMANN-GERST, Acting P. J.   CHAVEZ, J.       HOFFSTADT, J.